HONORABLE KAREN A. OVERSTREET

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

In re

COMMERCIAL VISIONS LLC,

        Debtor.

No. 11-13347

EMERGENCY MOTION FOR ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL, APPROVING ADEQUATE PROTECTION AND SETTING FINAL HEARING THEREON

Commercial Visions, LLC ("Debtor"), debtor-in-possession herein, moves the Court for an order 1) approving its use of the cash collateral on an interim basis, 2) approving the proposed adequate protection to Washington Federal relating to the usage of such rents, and 3) setting a final hearing on the Debtor's usage of cash collateral. This motion is based upon the files and records herein and upon the Declaration of Mark Verbarendse in Support of First Day Motions filed herewith.

### I.    BACKGROUND FACTS

**A.    <u>The Debtor's Operations and Events Leading to Bankruptcy</u>**

The Debtor is a Washington limited liability company, the members of whom are Mark Verbarandse and his wife, Karla Verbarandse. The Debtor was formed in 2006 for the purpose of

EMERGENCY MOTION FOR ORDER AUTHORIZING
INTERIM USE OF CASH COLLATERAL, APPROVING
ADEQUATE PROTECTION AND SETTING FINAL
HEARING THEREON – Page 1
1844 wc224h067w

Bush Strout & Kornfeld LLP
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

owning and developing approximately five acres of property in Lake Stevens, Washington ("Property").

The Debtor's income comes from the Debtor's leases of the four buildings on the Property. One building is a manufacturing facility currently leased to three tenants and fully occupied.

The remaining three buildings comprise a mini-storage facility leased and operated by All Seasons Storage, Inc., a corporation owned by Mark and Karla Verbarendse. The Property was assessed at $3,124,000.00 in 2009 and 2010 and $2,840,000.00 in 2011 by Snohomish County. Verbarendse Decl., Ex. A.

The Property is fully occupied and the Debtor anticipates that they will continue to be 100% leased for the foreseeable future.

**B.      Events Leading to Bankruptcy**

The Debtor's financial difficulties were caused by the failure of its largest (former) tenant, Kauffman Industries ("Kaufman"), to pay rent. Kauffman's lease commenced in September 2006. Under the lease it was to pay base rent of $16,400 per month plus 50% of triple net costs relating to the manufacturing building. Kauffman ceased paying rent in March 2007. Despite the Debtor commencing judicial proceedings to evict in June 2007, Kauffman did not vacate the premises until September 2007. The Debtor obtained a judgment in the amount of $122,311.82 against Kauffman in October 2007, however the judgment has proved to be uncollectable.

The Debtor was unable to lease the space formerly inhabited by Kauffman until February 2008. Meanwhile, the Debtor had to borrow funds from its affiliates, primarily construction company Earthworks Northwest ("Earthworks"), to maintain its monthly debt service payments of approximately $20,000. Due to the collapse of the real estate market, Earthworks itself began experiencing financial difficulty and required repayment of the Debtor's loans throughout 2010. It

EMERGENCY MOTION FOR ORDER AUTHORIZING
INTERIM USE OF CASH COLLATERAL, APPROVING
ADEQUATE PROTECTION AND SETTING FINAL
HEARING THEREON – Page 2

1844 wc224h067w

BUSH STROUT & KORNFELD LLP
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

was anticipated that Earthworks would again be able to loan the Debtor funds to sustain it through the point at which the Debtor had full occupancy and was receiving full market rent.[1]  However, Earthworks' receivables have been slow to pay and Earthworks was unable to provide the Debtor with the necessary financial support.  From July 2010 forward, without being fully occupied, the Debtor was unable to make the monthly debt service payments of approximately $20,000 to Washington Federal and in November 2010, Washington Federal issued a Notice of Default, commencing the foreclosure process against the Property.

The Property is now fully leased and, the Debtor projects that it will be able to repay its creditors on appropriately restructured terms from its rental income under a plan of reorganization to be filed in this case.

C.  **The Debt Structure of the Debtor**

In 2008, the Debtor borrowed $2,886,392 from Horizon Bank which loan was subsequently renewed (the loan and the renewals thereof are referred to herein as the "Loan"), secured by a deed of trust against the Property ("Deed of Trust"), as well as an assignment of rents generated from the Property.  The Property and the rents are referred to herein as the "Prepetition Collateral." Verbarendse Decl., Exs. B and C.  The Loan replaced the prior construction loan relating to the development of the Property.  Mark and Karla Verbarendse guaranteed the Loan.  In 2010, Washington Federal acquired Horizon Bank's assets, including the Loan.

The Loan bears interest at 6.5% per annum with a maturity date of September 4, 2012.  As of the Petition Date, Washington Federal asserts that Loan balance is approximately $3,315,738.

---

[1] While Lake Volleyball Club began leasing its portion of the premises in late 2010, due to leasing incentives, its first payment on the lease did not commence until February 2011.

EMERGENCY MOTION FOR ORDER AUTHORIZING
INTERIM USE OF CASH COLLATERAL, APPROVING
ADEQUATE PROTECTION AND SETTING FINAL
HEARING THEREON – Page 3
1844 wc224h067w

BUSH STROUT & KORNFELD LLP
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

### D. Proposed Use of Cash Collateral

The Debtor requires the use of the proceeds of the Prepetition Collateral, primarily the rents ("Cash Collateral") in order to keep maintaining and operating the Property to retain its value and ensure that its tenants remain in place. Pursuant to §§ 361, 362 and 363 of the Bankruptcy Code the Debtor proposes, on an interim basis, to provide adequate protection of the Bank's interests in the Cash Collateral by continuing to use the rents to maintain the Property pursuant to the budget attached as Exhibit D to the Verbarendse Declaration such that the Property remains fully leased and protected.

Additionally, the Debtor proposes to grant on an interim basis security interests and liens in and to (i) leases (if any) that the Debtor enters into following the Petition Date, and (ii) all rents and other income the Debtor receives on account of leases entered into both prior to and following the Petition Date (collectively, the "Replacement Liens"). On an interim basis, the Replacement Liens would be valid, perfected and enforceable security interests and liens on the post-petition rents and leases without further filing or recording of any document or instrument or any other action, but only to the extent of Cash Collateral used during the term of the interim order, and only to the extent of the enforceability of the Bank's security interests in the Prepetition Collateral.

## II. LEGAL ANALYSIS

Section 363 of the Bankruptcy Code conditions the use of cash collateral by a debtor in possession. Section 363(c) provides that the debtor may not use cash collateral absent the lender's agreement or order of the court. Section 363(e) provides that, if required by the secured lender, a debtor must provide adequate protection in order to use that lender's cash collateral. A creditor's interests are adequately protected so long as the value of its collateral is not declining. See United Savings Ass'n of Texas v. Timbers of Inwood Forest Assoc., Ltd., 484 U.S. 365, 370, 108 S.Ct. 626 (1988).

EMERGENCY MOTION FOR ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL, APPROVING ADEQUATE PROTECTION AND SETTING FINAL HEARING THEREON – Page 4
1844 wc224h067w

BUSH STROUT & KORNFELD LLP
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

1  The Debtor's proposed use of Cash Collateral satisfies these standards. The Bank retains its
2  interests in the Prepetition Collateral, which includes the real property and improvements, and each of
3  the leases entered into prior to the Petition Date. The Bank's interests will be further protected by the
4  granting of the Replacement Liens. Finally, there is no evidence that the value of the Property will
5  decline during the pendency of the stay; to the contrary, the Debtor will be maintaining the Property.

6  Courts have observed that a debtor's use of cash collateral to maintain properties from which
7  rents are being generated is a sufficient form of adequate protection." In re Las Vegas Monorail
8  Company, 429 B.R. 317, 341-42 (Bankr. D. Nev. 2010) (citing McCombs, 88 B.R. at 267 (holding
9  that rents could be spent to make repairs or renovations that would increase rent flow even without
10 equity cushion); Federal National Mortgage Association v. Dacon Bolingbrook Associates, Ltd.
11 Partnership, 153 B.R. 204, 214 (N.D. Ill. 1993) ("[T]he required adequate protection of rents is
12 satisfied to the extent the Debtor reinvests the rents in the operation and maintenance of the property
13 because the value of the secured creditor's interest in its collateral will thereby be increased."); In re
14 499 W. Warren Street Associates, Ltd. Partnership, 142 B.R. 53, 58 Bankr. N.D.N.Y. 1992) (allowing
15 the use of cash collateral to maintain property).

### III.  CONCLUSION

17 Based upon the foregoing, the Debtor respectfully requests that the Court enter an order
18 (1) authorizing the Debtor to use cash collateral in accordance with the Budget; (2) approving the
19 ///
20 ///
21 ///

EMERGENCY MOTION FOR ORDER AUTHORIZING
INTERIM USE OF CASH COLLATERAL, APPROVING
ADEQUATE PROTECTION AND SETTING FINAL
HEARING THEREON – Page 5
1844 wc224h067w

Bush Strout & Kornfeld LLP
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

1   proposed adequate protection of the Bank's interests; and (3) setting a final hearing on the Debtor's
2   usage of cash collateral.
3       DATED this 28th day of March, 2011.

BUSH STROUT & KORNFELD

By   /s/ Christine M. Tobin-Presser
   Christine M. Tobin-Presser, WSBA #27628
Attorneys for Commercial Visions, LLC

EMERGENCY MOTION FOR ORDER AUTHORIZING
INTERIM USE OF CASH COLLATERAL, APPROVING
ADEQUATE PROTECTION AND SETTING FINAL
HEARING THEREON – Page 6
1844 wc224h067w

BUSH STROUT & KORNFELD LLP
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104